ANTHONY A. ANTONIOU and IRENE D. ANTONIOU,

        Plaintiffs,

v.                                                    Case No. 07-CV-675

U.S. BANCORP d/b/a U.S. BANK, N.A.,
f/k/a FIRST BANK SOUTHEAST, N.A.

        Defendant.

## ORDER

On June 20, 2007, Anthony and Irene Antoniou (plaintiffs) filed a complaint against U.S. Bancorp d/b/a U.S. Bank N.A. (defendant) in Waukesha County Circuit Court. On July 23, 2007, defendant removed the case to the U.S. District Court for the Eastern District of Wisconsin, on the basis of diversity under 28 U.S.C. § 1332. (Docket #1). Plaintiffs are citizens of Illinois, and defendant is incorporated in Delaware and headquartered in Minnesota; plaintiffs seek damages of $342,847.56 - well in excess of the $75,000 threshold. On July 30, 2007, defendant filed its answer. (Docket #5). As the parties progressed through discovery, counsel for defendant sent plaintiffs' counsel a letter on May 30, 2008, stating that he would likely move to amend the answer to add affirmative defenses, but that he wanted to wait until he had more of a factual basis for doing so. (Docket #21, Ex. 2). Defendant's counsel concluded the letter: "I am telling you this now so that you are not later prejudiced if and when I seek to amend the Answer." (Id.). Originally, discovery was to be concluded by June 15, 2008; however, due to complications

regarding retrieval of old documents and plaintiffs being out of the country, the court granted the parties' stipulated request for a 60-day extension, ordering that discovery be completed by August 15, 2008. (Docket #17). Then on August 12, 2008, three days before discovery was scheduled to conclude, defendant filed a motion to amend its answer and file affirmative defenses and a counterclaim. (Docket #21). Plaintiffs objected to defendant's motion, asserting it constituted undue delay, and that plaintiffs would be prejudiced by the fact that dealing with defendant's affirmative defenses and responding to the counterclaim would require further discovery, and would prolong resolution of plaintiffs' claim. (Docket #24). For the reasons discussed below, the court will grant defendant's motion, and grant the parties an additional 90 days to conduct further discovery pertaining to any new issues raised by defendant's filing.

## I.     BACKGROUND

The evidence shows that on October 2, 1991, plaintiffs purchased a certificate of deposit ("CD") from First Bank Southeast of Lake Geneva. Plaintiffs allege they placed the CD in a safe deposit box and completely forgot about it. In 1992, Anvan/GN L.P., an entity controlled by Mr. Antoniou, took out a loan for approximately $1 million from First Bank Southeast of Lake Geneva. In 1995, First Bank Southeast of Lake Geneva merged with Firstar Bank Milwaukee. By 1996, Anvan had defaulted on its loan. Anvan, Antoniou, and other parties entered into a moratorium agreement with Firstar, which set out conditions under which Firstar

would not exercise its rights to immediate repayment. One of the conditions was that Antoniou consent to a release found in section 7 of the agreement. It reads:

> <u>Release</u>. In order to induce the Bank to refrain from exercising its rights and remedies against the Debtors and Guarantors, the Debtors and Guarantors agree as follows:
>
> (a)  The Debtors and Guarantors, each acting on behalf of its, his or their respective successors, assigns, heirs, bankruptcy trustee, and personal representatives, hereby give a full release from all claims, sums of money, accounts, actions, suits, proceedings, and demands whatsoever, which either of them at any time had or has up to the date of the execution of this Agreement, against the Bank, its officers, directors, related corporations, branches, attorneys, employees, agents, and successors for or by reason of or in respect to any act, cause, matter or thing; and
>
> (b)  It is the express intention of the Debtors and Guarantors to provide the fullest possible release of all claims. By their signatures below, the Debtors and Guarantors represent that they have read this release, had adequate opportunity to discuss it with an attorney of their choice and fully understand its terms.

(A. Antoniou Dep. Ex. 6, ¶ 7; Answers to Requests for Admission No. 13).  Three years later, in 1999, Firstar Bank Milwaukee merged with U.S. Bank N.A. - the defendant.

## II. ANALYSIS

The outcome of this case appears to hinge on the proper construction of the terms found in the moratorium agreement. Accordingly, it is in the best interest of judicial efficiency and economy to allow defendant to assert its defenses and counterclaim based upon its proffered interpretation of the agreement.

-3-

Fed. R. Civ. P. 15(a) sets out the appropriate standard for amendments before trial. The period during which defendant could amend as a matter of course pursuant to Rule 15(a)(1) has long since expired. However, Rule 15(a)(2) allows defendant to amend with either the consent of the plaintiffs, or with leave of the court. Further, Rule 15(a)(2) instructs the court that leave should be freely given when justice so requires. Similarly, Rule 13(f) sets out the standard for omitted counterclaims, stating that the court may allow a party to add a counterclaim "if it was omitted through oversight, inadvertence, or excusable neglect or if justice so requires." "Despite the variation in their wording, Rules 13(f) and 15(a) have been construed as prescribing essentially the same standards for granting leave to add omitted counterclaims." *SFM Corp. v. Sundstrand Corp.*, 99 F.R.D. 101, 104 (N.D. Ill. 1983).

As plaintiffs point out, leave to amend "may be denied where there has been undue delay, bad faith, prejudice to the opponent, dilatory motive on part of movant, or amendment would be futile." *Figgie Int'l, Inc. v. Miller*, 966 F.2d 1178, 1180-81 (7th Cir. 1992). However, the court finds sufficient reasons to allow defendant leave to amend. Among those reasons are: the necessity in allowing defendant to amend in order to properly and fully resolve the case, as well as the court's acceptance of defendant's explanation of how plaintiffs' absence during much of discovery, the necessity of retrieving old and difficult to find documents, the necessity of tracking down former bank employees, and the challenges posed by the illness of Anvan's

-4-

CFO, all combined to inhibit defense counsel from determining the actionability of the moratorium agreement. Indeed, defense counsel affirms that the above listed occurrences resulted in counsel not being able to even speak to anyone with any knowledge about the agreement until the deposition of plaintiffs and Anvan's CFO on July 23, 2008. (Docket #28, Attach. #1, ¶ 6). Mindful of these considerations, the court finds it appropriate in this instance to grant defendant leave to amend its answer and add its counterclaim.

Though defendant's affirmative defenses and counterclaim all arise out of the moratorium agreement, the court thinks it best to allow plaintiffs additional time to conduct discovery as to these matters. Therefore, the court will grant a 90-day extension for the completion of discovery. No further extensions will be granted. At the same time, the defendant's motion for summary judgment, filed on September 15, 2008 (Docket #26), will be denied without prejudice noting that, if appropriate, it may be renewed and filed consistent with the April 15, 2009, cutoff date provided in this order.

Accordingly,

**IT IS ORDERED** that defendant's Motion for Leave to File Amended Answer, Affirmative Defenses and Counterclaim (Docket #21) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that the defendant's motion for summary judgment (Docket #26) be and the same is hereby **DENIED** without prejudice; and

**IT IS FURTHER ORDERED** that the Scheduling Order dated August 27, 2007 (Docket #13), be amended as follows:

1. Completion of all discovery by: **March 10, 2009.**

2. The filing of dispositive motions by: **April 15, 2009**.

Dated at Milwaukee, Wisconsin, this 12th day of December, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge